UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

Case No. _____

YVON HIVE, )
)
        Plaintiff, )
)
v. )
)
MJ RAPID DELIVERY, INC., a Florida )
corporation and MJ HOWLEY, individually, )
)
        Defendants. )
_____/

# COMPLAINT

Plaintiff, YVON HIVE ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants MJ RAPID DELIVERY, INC., a Florida corporation and MJ HOWLEY, individually (collectively "Defendants"), and alleges:

## JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA" or the "Act") and under Florida law to recover from Defendants unpaid overtime wages, unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2. This Court has jurisdiction pursuant to Section 216 of the FLSA. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States. The Court has supplemental jurisdiction over the Florida common law unpaid wages claim pursuant to 28 U.S.C. § 1367 since the Florida claim for unpaid wages forms a part of the same case or controversy as the FLSA claim for unpaid overtime wages and involves the same defendants.

1

3. Venue is proper under 28 U.S.C. § 1391 because both Defendants reside in Lee County, Florida and because a substantial part of the events or omissions giving rise to these claims occurred in Lee County, Florida, within the jurisdiction of this Court.

4. At all times material hereto, Plaintiff YVON HIVE was a resident of Lehigh Acres, Florida and an "employee" of Defendants as defined by the FLSA. Plaintiff was a non-exempt hourly employee of Defendants (a mail delivery person) between approximately November 25, 2019 and January 10, 2020.

5. Plaintiff's job duties for Defendants included delivering mail. Defendant MJ RAPID DELIVERY, INC. was a contractor for FedEx. Plaintiff delivered FedEx mail and packages on behalf of Defendants.

6. Defendant MJ RAPID DELIVERY, INC. is a Florida corporation that operates a mail delivery service as a contractor for FedEx. Its mailing address is located in Fort Meyers, Florida within the jurisdiction of this Court.

7. At all times during the relevant period, Defendants were an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that said enterprise had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. Upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum for each calendar year during the relevant period (and is expected to exceed $500,000 during calendar year 2020).

8. At all times during the relevant period, Defendants had two or more employees (including Plaintiff) handling, selling, or otherwise working on goods or materials that had been

moved in or produced for commerce, including the use of trucks and the delivery of mail and packages that had themselves moved in interstate commerce, telephones, and office materials and goods. At all times during the relevant period, both Plaintiff and Defendants were "engaged in commerce" by virtue of, among other things, the fact that they delivered packages that moved in interstate commerce and completed financial transactions with Defendants' customers and banks outside of the State of Florida.

9. At all times during the relevant period, Plaintiff's work was essential to Defendants' business in that Defendants could not operate without delivery drivers.

10. Defendant MJ HOWLEY is an individual and *sui juris*, is the President and owner of MJ RAPID DELIVERY, INC, and during the relevant time period, exercised operational control of MJ RAPID DELIVERY, INC. and acted directly and indirectly in the interest of MJ RAPID DELIVERY, INC. in relation to said co-Defendant's employees. MJ HOWLEY owns a residence in Lee County, Florida. MJ HOWLEY effectively dominates MJ RAPID DELIVERY, INC. and administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work and pay of others including Plaintiff. Thus, MJ HOWLEY was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. While Plaintiff was employed by Defendants between approximately November 25, 2019 and January 10, 2020, Defendants failed to pay Plaintiff any overtime wages. In general (with the exception of one week described below), Plaintiff was paid a flat daily rate of $140.00 for each day worked. However, despite working in excess of forty hours each workweek, Defendants did not pay Plaintiff any overtime wages of 1.5 times Plaintiff's regular hourly rate for hours worked over 40 each workweek.

12. Additionally, during Plaintiff's last week of work for Defendants (the pay period ending January 10, 2020), Defendants only paid Plaintiff the Florida minimum wage as opposed to the agreed rate of $140.00 per day. Moreover, no overtime wages were paid during that last week of employment.

13. The records concerning the date ranges of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants. However, Plaintiff attaches the Statement of Claim as **Exhibit 1** to provide an estimate of his unpaid overtime wage damages and unpaid wages (including liquidated damages, but not including reasonable attorneys' fees, and costs).

14. Defendants have knowingly and willfully refused to pay Plaintiff wages and overtime wages to which he is legally entitled.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned counsel and is obligated to pay for the legal services provided.

### COUNT I: OVERTIME WAGE VIOLATION (FLSA) AGAINST ALL DEFENDANTS

17. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-16 above as if set out in full herein.

18. Plaintiff alleges this count pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b).

19. Plaintiff was entitled to be paid time-and-a-half overtime pay for all hours worked in excess of 40 for each workweek he was employed.

20. Defendants failed to pay Plaintiff overtime wages as required by the FLSA.

21. Defendants had knowledge that they were paying no overtime wages.

22. Defendants willfully failed to pay Plaintiff overtime wage for each week during the relevant period, in violation of 29 U.S.C. § 207.

23. As a direct and proximate result of Defendants' deliberate failure to pay overtime wages, Plaintiff has been damaged in the loss of wages. He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff jointly and severally against Defendants on the basis of the Defendant's willful violations of the FLSA, award Plaintiff damages, award Plaintiff liquidated damages in an amount equal to the unpaid overtime wages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## COUNT II: UNPAID WAGES UNDER FLORIDA LAW

24. Plaintiff realleges and incorporates the allegations contained in paragraphs 1-16 above as if set out in full herein.

25. During the workweek ending January 10, 2020, Defendants paid Plaintiff a total of $342.40 instead of the daily rate of $140.00 per day for each of the five days worked during that workweek.

26. Defendants breached the parties' agreement by failing to pay Plaintiff agreed wages.

27. As a result of Defendants' intentional and willful act in refusing to pay Plaintiff agreed wages, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs that he is entitled to recover pursuant to Fla. Stat. § 448.08.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff jointly and severally against Defendants on the basis of the Defendant's willful failure to pay Plaintiff wages at the agreed amount, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: February 24, 2020                      Respectfully Submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*